# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VELDA CUBA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-20-634-AMG** |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY,[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Velda Cuba ("Plaintiff"), brings this action for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI"). (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR"). (Docs. 13, 17). The parties have briefed their respective positions (Docs. 19, 23).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 15, 16). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Kilolo Kijakazi is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.      **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  *Id.* § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment.  20 C.F.R. § 416.921; *see also id.* §§ 416.902(a), 416.913(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.  20 C.F.R. § 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the Plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of her age, education, and work experience."  *Id.*  "The claimant is entitled to disability benefits only if he is not able to perform other work."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S.Ct.

---

[3] RFC is "the most [a claimant] can do despite [a claimant's] limitations."  20 C.F.R. §§ 404.1545(a)(1).

1148, 1154 (2019) (internal quotation marks and citation omitted).  When supported by substantial evidence, an ALJ's factual findings "'shall be conclusive.'"  *Id*.  Under this deferential standard, the court "defers to the presiding ALJ, who has seen the hearing up close."  *Id*. at 1157.  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  While the Court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.    Procedural History

Plaintiff protectively filed an application for SSI on April 5, 2018, alleging a disability onset date of October 29, 2010.  (AR, at 152-56).  The SSA denied the application initially and on reconsideration.  (*Id.* at 82-84, 88-92).  Prior to her hearing, Plaintiff amended her alleged onset date to April 5, 2018.  (*Id*. at 166).  An administrative hearing was held on November 5, 2019.  (*Id.* at 31-56).  The Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled.  (*Id.* at 10-29).  The Appeals Council denied Plaintiff's request for review.  (*Id.* at 1-4).  Thus, the ALJ's decision is the

final decision of the Commissioner.  *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009);

20 C.F.R. § 404.981.

## III.    The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since April 5, 2018, the alleged disability onset date.  (AR, at 15).  At Step Two,

the ALJ determined Plaintiff suffers from the severe impairments of degenerative disc

disease of the lumbar spine, with lower lumbar spine facet arthropathy and moderate

levoscoliosis.  (*Id*. at 16).  At Step Three, the ALJ found Plaintiff's impairments do not

meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P,

Appendix 1.  (*Id.* at 17).  The ALJ then determined Plaintiff's RFC, stating:

> [a]fter careful consideration of the entire record, I find that the
> claimant has the residual functional capacity to perform light
> work as defined in 20 CFR 416.967(b).  The claimant can lift
> 20 pounds occasionally and lift and carry 10 pounds
> frequently.  The claimant can stand and walk alternatively for
> a total of six hours in an eight-hour day, with sitting occurring
> intermittently throughout the day.  The claimant can reach,
> push, and pull with her upper extremities up to six hours in an
> eight-hour day.  Further, she can use her hands for grasping,
> holding, and turning objects up to 6 hours in an eight-hour day.
> She can also alternatively climb, stoop, kneel, crouch, crawl,
> and balance up to six hours in an eight-hour day.

(*Id.* at 18-19) (footnotes omitted).  At Step Four, the ALJ found Plaintiff was capable of

performing past relevant work as a cafeteria attendant, which is classified as light exertion

unskilled work.  (*Id.* at 24).  Therefore, the ALJ adopted the testimony of the VE and

concluded that Plaintiff was not disabled for purposes of the SSA.  (*Id.* at 25).

**IV.    Issues Presented for Judicial Review**

Plaintiff presents one issue for review, that the ALJ provided an RFC for Plaintiff that included a sit/stand limitation but erred in failing to identify with specificity the frequency with which Plaintiff would need to sit throughout the day.  (Doc. 19, at 3-6).  The Commissioner contends the ALJ's RFC described the full exertional requirements of light work and that no further specificity was required.  (Doc. 23, at 5-6).  The Commissioner further contends that the RFC of the full range of light work was supported by substantial evidence.  (*Id*. at 6-11).

**V.    The ALJ Determined that Plaintiff Had the RFC To Perform the Full Range of Light Work.  Further Specificity Regarding Sitting and Standing Was Not Required.**

Plaintiff does not contest the ALJ's assessment of her RFC, except to contend that the RFC "suggested [she] needed a sit/stand option" and failed to specify how frequently she would need to sit, as opposed to stand or walk, throughout the day.  (Doc. 19, at 3).  She invokes Social Security Rulings ("SSRs") and case law in support of this contention.  Specifically, Plaintiff cites SSR 96-9p, which Plaintiff concedes is not directly applicable to her RFC (Doc. 19, at 4), but rather addresses RFCs for less than a full range of sedentary work, and states:

> Alternate sitting and standing: An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically.  Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a **full range** of unskilled sedentary work will be **eroded**.  The **extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand.  The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing.**  It may be especially useful in these

6

situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

Titles II & XVI: Determining Capability to Do Other Work-Implications of A Residual

Functional Capacity for Less Than A Full Range of Sedentary Work, SSR 96-9p, 1996 WL

374185, at *7 (S.S.A. July 2, 1996) (emphasis added).   Plaintiff argues that the principles

of this SSR should apply to her case under the authority of *Vail v. Barnhart*, 84 F. App'x

1 (10th Cir. 2003), which held:

> **if an ALJ finds that a claimant cannot perform the full range of work in a particular exertional category**, an ALJ's description of his findings in his hypothetical and in his written decision must be particularly precise.  For example, according to one of the agency's own rulings on sedentary labor, the description of an **RFC in cases in which a claimant can perform less than the full range of work** "must be specific as to the frequency of the individual's need to alternate sitting and standing." Precisely how long a claimant can sit without a change in position is also relevant to assumptions whether he can perform light work. . . .   Finally, **when a claimant can perform less than the full range of work in an exertional category**, a vocational expert's testimony about what jobs he could perform becomes particularly valuable.

*Id*. at 4-5 (quoting SSR 96-9p) (emphasis added) (reversing the ALJ's decision that the

claimant could perform less than the full range of light work "with brief changes of

position" because the opinion "did not properly define how often [the claimant] would need

to change positions" and the hypothetical question lacked the same detail).

Both the SSR and the *Vail* unambiguously state that specificity as to frequency of

sitting and standing is only required when the RFC is determined to be <u>less than</u> the full

range of a particular exertional classification of work.  Indeed, all of the authorities cited

by Plaintiff regarding sit/stand frequency involve determinations of less than or between

full ranges of work.  (*See* Doc. 19, at 5 (citing SSR 83-12, 1983 WL 31253, at *1 (S.S.A.

7

Jan. 1, 1983) ("This Program Policy Statement (PPS) sets out the process of using the numbered rules in adjudicating those claims in which the exertional components of the RFC are less or greater than those of a specifically defined exertional range of work.") (internal citation omitted))).   (*See* Doc. 19, at 6 (citing *Newton v. Colvin*, 2013 WL 6169298, at *3 (W.D. Okla. Nov. 21, 2013) (reversing where "[t]he ALJ found that Plaintiff cannot perform a full range of light work and needs 'a sit/stand option'" but the ALJ did not "define how often Plaintiff is able to sit without standing or changing positions"))).

Plaintiff's argument confuses two different types of limitations.  As a recent opinion explained,

> [t]here is a difference between a standing and walking limitation and a limitation involving alternating between sitting and standing (sit/stand limitation). . . .  [A] standing and walking limitation concerns the total amount of time in an 8-hour day that a person can stand or walk.  On the other hand, a sit/stand limitation concerns the maximum amount of time a person can stand at one time.  **If an ALJ determines that a sit/stand limitation is necessary,** "[t]he RFC must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9P, 1996 WL 374185, at *7.

*Phillip A. D. v. Kijakazi*, 2021 WL 3487095, at *7 (N.D. Okla. Aug. 9, 2021) (citing SSR 83-12, 1983 WL 31253, at *4) (emphasis added).

Here, the ALJ found that Plaintiff could perform the <u>full range</u> of light work, stating "[a]fter careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b)."  (AR, at 18). The ALJ's subsequent summary of Plaintiff's abilities regarding standing, walking, and

sitting was fully consistent with the full range of light work set forth in the SSA regulations[4] and in SSRs.[5]   Nothing in the ALJ's statement of the RFC implied an erosion of the exertional level; indeed, such erosions are often preceded with a statement that a claimant can do a certain level of work "except" that they cannot do certain specifically enumerated tasks.   The ALJ made no exceptions to his determination of an RFC of light work, and while he quoted the six-hour standing or walking limitations of light work, the ALJ did not determine or suggest that a sit/stand limitation was necessary.   Plaintiff did not argue that there was record evidence to support any such exceptions or a sit/stand limitation (*see* Doc. 19), and indeed the RFC as written was supported by substantial evidence, as set forth in the Commissioner's Brief.   (*See* Doc. 23, at 6-11).

Furthermore, the ALJ's hypothetical questions to the VE reflected his determination of an RFC of the full range of light work, with the ALJ asking,

> [a]ssume a hypothetical individual of the claimant's age and education, past work as described.  Let's assume this hypothetical individual **can perform the full range of light work as defined in the regulations** and that the

---

[4] The ALJ cited 20 C.F.R. § 416.967(b), which states:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

[5] The SSA has stated, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."  Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251, at *5-6 (S.S.A. 1983).

> claimant can lift 20 pounds occasionally, lift and carry ten pounds frequently, can stand or walk alternatively for a total of six hours out of eight hours per day, sitting occurring intermittently throughout the day, reach, push, pull with upper extremities up to six hours per eight hour day, use hands for grasping, holding, turning objects, up to six hours per eight hour day, can alternatively climb, stoop, kneel, crouch, crawl, balance up to six hours per eight hour day.

(AR, at 50) (emphasis added).   Likewise, the ALJ observed that two state agency physicians found that "claimant's medical records were consistent with a finding of a light residual functional capacity, and the medical evidence supports this exertional level," and that "[f]or this reason, the physical limitations in the State Agency opinions are found to be persuasive as to the exertional level limitations."  (AR, at 22).  Finally, the ALJ found that Plaintiff could return to her past relevant work, which was a job classified as the full range of light work.  (AR, at 24).

Because the ALJ determined that Plaintiff's RFC encompassed the full range of light work and did not determine that a sit/stand limitation was necessary, the ALJ was not required to specify frequency for Plaintiff's periods of standing, walking, or sitting.

## VI.   Conclusion

For the reasons discussed above, the Court **AFFIRMS** the decision of the Commissioner.

ENTERED this 7th day of December, 2021.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE